UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                             Criminal Case No. 11-20606

Gregg Blaney,                            Sean F. Cox
                                                                  United States District Court Judge

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## PETITION TO REDUCE RESTITUTION AND
## PETITION TO STAY COLLECTION PROCEEDINGS

In this criminal action, Defendant Gregg Blaney ("Blaney") was charged in a three-count indictment, with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and two counts of bank fraud in violation of 18 U.S.C. § 1344.

Blaney pleaded guilty, pursuant to a Rule 11 Plea Agreement, to one count of bank fraud in violation of 18 U.S.C. § 1344.

This Court held a sentencing hearing on April 17, 2013. Blaney was represented by retained counsel at that sentencing hearing. Thereafter, on April 18, 2013, this Court issued a 29-page Memorandum Opinion (Docket Entry No. 93), setting forth its rulings as to relevant conduct and the amount of loss calculation and other issues. In that Memorandum Opinion, this Court rejected the following argument made by Blaney:

    1.     No Loss Because Loans Were Charged Off By Lenders

    Blaney asserts that, as to nine of the twelve properties at issue, internal servicing notes indicate that the loan has been charged off, settled, or otherwise closed. Blaney argues that because the lenders consider themselves to have been

1

"made whole" as to these loans, there can be no loss associated with these properties. (Def.'s Br. at 7-8). Blaney offers no legal authority in support of this argument.

The Court rejects this argument. The fact that a lender has charged off a loan, or otherwise closed the file on a given loan, does not alter the fact that the lender did not receive repayment of the funds loaned.

(*Id*. at Pg ID 969). The conclusion section of that Memorandum Opinion summarized:

For the reasons set forth above, the Court concludes that the relevant conduct includes all twelve of the real estate transactions included in the Presentence Report. The Court further concludes that the reasonably foreseeable pecuniary harm in this case is the amount of the mortgage loans, which total $856,100.00. After applying appropriate credits for sales proceeds received from the defrauded vendors, and payments made on the mortgages, the adjusted total loss is $801,634.48, which results in a 14-point increase under U.S.S.G. § 2B1.1(b)(1).

In addition, the Court agrees with the Government that the decision as to whether the Government wishes to file a motion for a downward departure, so that Blaney can obtain an additional one-point reduction for acceptance of responsibility, is a matter within the Government's discretion. Nevertheless, in determining an appropriate sentence for Blaney, this Court will consider all of the §3553 factors, including the need to avoid unwarranted sentencing disparities.

This Court imposed a sentence of thirty-seven months. (*See* 4/30/13 Judgment, Docket Entry No. 96). This Court also imposed a fine of $400,000.00 and ordered that Blaney pay restitution in the amount of $801,634.48. (*Id.* at Pg ID 981).

Blaney appealed, arguing that this Court erred in determining both the relevant conduct and the amount of loss for sentencing purposes. Blaney's challenges included the following:

Regarding the sentencing guidelines, the defendant raises these claims: (1) five of the transactions relied upon by the district court cannot be relevant conduct because the victim lender was not federally insured; (2) the amount of loss is overstated because for nine of the transactions the respective lender wrote off the loan as uncollectible so therefore there was no loss; (3) the court should have used the fair market value of the properties to compute losses, rather than the amount actually received by the lenders in foreclosure; (4) the loss is primarily due to the unforeseeable sharp downturn in real estate values; and (5) any losses experienced by the lenders resulted in a tax benefit, credit for which should be

included in the loss computation.

*United States v. Blaney,* 570 F. App'x 536, 537 (6th Cir. 2014). Blaney also argued that this Court did not adequately consider the need to avoid unwarranted sentenced disparities, as required by 18 U.S.C. § 3553(a)(6).

The United States Court of Appeals for the Sixth Circuit rejected all of Blaney's challenges and affirmed this Court's Judgment. *Id.*

Specifically, as to Blaney's challenges to the sentencing guidelines, the Sixth Circuit stated:

> Defendant raised these objections to the district court, which issued a detailed written opinion addressing each of defendant's objections. *United States v. Blaney*, No. 11-20606, 2013 WL 1688359, at *10-14 (E.D. Mich. Apr. 18, 2013) (Page ID 945). The panel has had the opportunity to consider the arguments advanced by defendant and to conduct our own independent review of the record on appeal. We agree with the reasoning of the district court as to each objection and affirm on that basis.

*Id.* at 537. The Sixth Circuit also rejected Blaney's remaining challenge:

> With respect to the second issue raised by defendant, a review of the transcript of the sentencing hearing confirms that the district court considered all of the § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities. Contrary to defendant's argument, the district court was under no obligation to consider sentencing disparities with his co-defendant. *See United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008).

*Id.*

Following his appeal, Blaney did not file a motion under 28 U.S.C. § 2255 challenging his conviction or sentence.

Blaney has since been released from prison.

On December 14, 2016, Blaney filed a *pro se* "Petition To Reduce Restitution." (Docket Entry No. 112). In it, Blaney asks this Court to either reduce the amount of restitution that he

included in the loss computation.

*United States v. Blaney,* 570 F. App'x 536, 537 (6th Cir. 2014). Blaney also argued that this Court did not adequately consider the need to avoid unwarranted sentenced disparities, as required by 18 U.S.C. § 3553(a)(6).

The United States Court of Appeals for the Sixth Circuit rejected all of Blaney's challenges and affirmed this Court's Judgment. *Id.*

Specifically, as to Blaney's challenges to the sentencing guidelines, the Sixth Circuit stated:

> Defendant raised these objections to the district court, which issued a detailed written opinion addressing each of defendant's objections. *United States v. Blaney*, No. 11-20606, 2013 WL 1688359, at *10-14 (E.D. Mich. Apr. 18, 2013) (Page ID 945). The panel has had the opportunity to consider the arguments advanced by defendant and to conduct our own independent review of the record on appeal. We agree with the reasoning of the district court as to each objection and affirm on that basis.

*Id.* at 537. The Sixth Circuit also rejected Blaney's remaining challenge:

> With respect to the second issue raised by defendant, a review of the transcript of the sentencing hearing confirms that the district court considered all of the § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities. Contrary to defendant's argument, the district court was under no obligation to consider sentencing disparities with his co-defendant. *See United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008).

*Id.*

Following his appeal, Blaney did not file a motion under 28 U.S.C. § 2255 challenging his conviction or sentence.

Blaney has since been released from prison.

On December 14, 2016, Blaney filed a *pro se* "Petition To Reduce Restitution." (Docket Entry No. 112). In it, Blaney asks this Court to either reduce the amount of restitution that he

must pay or grant a new restitution hearing so that Blaney can present evidence that he believes should have been presented to the Court. Among other things,[1] Blaney argues that Agent Killeen, who testified at the sentencing hearing, ignored documents from the victim banks showing "zero balances" for several of the properties. Blaney cites Rule 60 of the Federal Rules of Civil Procedure, and "USA v. Jones, 565 US 2012" as the legal authority for the requested relief. The Government opposes this motion.

Blaney also filed a *pro se* "Petition To Stay Collection Proceedings" (Docket Entry No. 113), along with his Petition To Reduce Restitution. The Government also opposes this motion.

Having reviewed the motions and responses, the Court concludes that oral argument is not necessary as to either motion.

Prior to sentencing Blaney, this Court held a sentencing hearing, wherein Blaney was given a full and fair opportunity to present all of his arguments and evidence concerning the underlying real estate transactions to this Court. Blaney argued before this Court that several of the properties were charged off by the lenders, thereby showing zero balances, and therefore no loss should be attributed to those loans. This Court considered and rejected that argument. This Court's April 30, 2013 Judgment ordered Blaney to pay restitution in the total amount of $801,634.48. That Judgment was affirmed on appeal on June 27, 2014 – some two and a half years ago.

"A district court's power to revisit a sentence once imposed is extremely limited. Once a court sentences a criminal defendant, it generally has jurisdiction to continue hearing related

---

[1] Blaney also states that he has learned that his Co-Defendant, Jerald Payton, was ordered to pay less restitution than Blaney.

4

issues only when authorized by statute or rule." *United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012).

Blaney's motion does not identify any applicable rule or statute that would allow this Court to grant the relief he requests.

Rather, Blaney directs the Court to Rule 60 of the Federal Rules of Civil Procedure. But that is a rule that applies in civil cases, not criminal cases. *See, e.g. United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (explaining that Fed. R. Civ. P. 60 is not applicable to criminal proceedings and may not be used to disturb a criminal sentence or conviction.) Moreover, even if Fed. R. Civ. P. 60 applied, Blaney's motion would be untimely. That is because any motion based on newly discovered evidence or fraud must be made no more than a year after the judgment. Fed. R. Civ. P. 60(c)(1).

Blaney's reliance on *United States v. Jones* is also misplaced. Blaney's opening brief directed the Court to a "USA v. Jones, 565 US 2012" – a citation that does not exist. Blaney's reply brief then attaches "United States v. Gregory Jones," an unpublished, non-binding memorandum order from a district court in Pennsylvania that does not aid Blaney in any event.

Accordingly, the Court **DENIES** Blaney's Petition to Reduce Restitution. The Court also **DENIES AS MOOT** Blaney's Motion To Stay Collection Proceedings, wherein Blaney "requests that this Honorable Court grant Defendant's Stay of Collection action, until the time

5

when a proper restitution figure can be determined." (*See* Docket Entry No. 118 at Pg ID 1446).

    **IT IS SO ORDERED.**

Dated: February 8, 2017                                    s/Sean F. Cox
                                                                   Sean F. Cox
                                                                   U. S. District Judge

I hereby certify that on February 8, 2017, the foregoing document was served on counsel of record via electronic means and upon Gregg Blaney via First Class mail at the address below:

Gregg Blaney
1750 Hillwood Dr.
Bloomfield Hills, MI 48304

                                                                          s/J. McCoy
                                                                          Case Manager